**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1797**

———————

SEKOU SYLLA,

                                                    Petitioner,

          versus

ALBERTO R. GONZALES, Attorney General,

                                                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-188-459)

———————

Submitted:  March 29, 2006          Decided:  April 28, 2006

———————

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., for Petitioner.
Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior
Litigation Counsel, Sam E. Taylor, Jr., Special Trial Attorney,
Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sekou Sylla, a native and citizen of the Ivory Coast, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

In his petition for review, Sylla challenges the Board's determination that he failed to establish eligibility for asylum. To obtain reversal of such a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Sylla fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Sylla also challenges the Board's denial of his motion to remand. We review the Board's decision to deny a motion to remand for abuse of discretion. Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005). In view of the specific statutory language limiting a Visa Waiver Program participant's ability to apply for

_____

[*]As Sylla's brief raised no claims concerning the denial of withholding of removal or protection under the Convention Against Torture, any such claims are waived. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

any relief but asylum, 8 U.S.C. § 1187(b) (2000), we conclude that the Board did not abuse its discretion in denying Sylla's motion to remand so that he could pursue adjustment of status.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED